# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Norfolk Division

FEB 1 3 2019

UNITED STATES OF AMERICA

v.

COURTNEY DETRON CLOMAN

Defendant.

Case Number: 2:18cr69-001
USM Number: 92346-083
Defendant's Attorney: Jeffrey Swartz

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count 1 of the Criminal Information.

Accordingly, the defendant is adjudged guilty of the following counts involving the indicated offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| T. 18, USC Section 371 | Conspiracy to Commit Wire Fraud | Felony | December 2015 | 1 |

As pronounced on February 7, 2019, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this 13th day of February, 2019.

/s/ MSD

Mark S. Davis
Chief Judge

Case Number: 2:18cr69-001
Defendant's Name: CLOMAN, COURTNEY DETRON

## PROBATION

The defendant is hereby placed on probation for a term of **THREE (3) YEARS**. This term shall include a special condition of **SIX (6) MONTHS** on Home Detention.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of sentencing.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. As reflected in the presentence report, the defendant presents a low risk of future substance abuse, and therefore, the Court hereby suspends the mandatory condition for substance abuse testing as defined by 18 U.S.C. 3563(a)(5). However, this does not preclude the Probation Office from administering drug tests as they deem appropriate.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case Number: 2:18cr69-001
Defendant's Name: CLOMAN, COURTNEY DETRON

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall be on Home Detention, which shall include electronic monitoring at the defendant's expense, for a period of <u>6</u> consecutive months. During this time, he shall remain at his place of residence except for employment and other activities approved in advance by the probation officer including religious services.

2) While on home detention, the defendant shall maintain a telephone at his/her place of residence without party lines, telephone answering machines, a modem, call forwarding, caller ID, call waiting, portable cordless telephones or any other devices or services that may interfere with the proper functioning of the electronic monitoring equipment for the above period. The defendant shall wear an electronic monitoring device, follow electronic monitoring procedures, and pay the cost of electronic monitoring, all as directed by the probation officer.

3) The defendant shall apply monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation; or in a lesser amount to be determined by the Court upon the recommendation of the probation officer.

4) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

5) The defendant shall provide the probation officer access to any requested financial information.

6) The defendant shall participate in a program approved by the United States Probation Office for financial counseling. The cost of this program is to be paid by the defendant as directed by the probation officer.

7) The defendant shall participate in the Treasury Offset Program (TOP) as directed by the probation officer.

8) The defendant must notify future employers of his federal conviction and probation status.

Case Number: 2:18cr69-001
Defendant's Name: CLOMAN, COURTNEY DETRON

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| | Count | Assessment* | Fine | Restitution |
|---|---|---|---|---|
| | 1 | $100.00 | $0.00 | $387,107.45 |
| TOTALS: | | $100.00 | $0.00 | $387,107.45 |

*Special Assessment paid on May 29, 2018.

## FINES

No fines have been imposed in this case.

## RESTITUTION

SEE RESTITUTION ORDER ENTERED AND FILED IN OPEN COURT ON FEBRUARY 7, 2019.

The Court determined that the defendant does not have the ability to pay interest and it is ordered that:
  the interest requirement is waived for the restitution balance as long as the defendant makes timely payments
  in accordance with the payment schedule, or any modified payment schedule, established by the Court.

## FORFEITURE

SEE CONSENT ORDER OF FORFEITURE ENTERED AND FILED ON FEBRUARY 13, 2019.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Case 2:18-cr-00069-MSD-LRL  Document 22  Filed 02/13/19  Page 5 of 5 PageID# 198  Page 5 of 5
Sheet 6 – Schedule of Payments

| | |
|---|---|
| Case Number: | 2:18cr69-001 |
| Defendant's Name: | CLOMAN, COURTNEY DETRON |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

The special assessment shall be due in full immediately.

Any special assessment may be subject to penalties for default and delinquency.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.